CLARA R. SMIT, ESQ.
ATTORNEY AT LAW
100 HORIZON CENTER BOULEVARD
HAMILTON, NJ 08691
(732) 843-6600
ATTORNEY FOR THE PLAINTIFF

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

-------------------------------------------------------

ALBERT FIELDS,

    **Plaintiff**

v.

                         **CIVIL ACTION NO.:**

CAMDEN COUNTY POLICE DEPARTMENT,
CAMDEN DEPARTMENT OF CORRECTIONS, &
CFG HEALTH SYSTEMS, LLC.

    **Defendants**                            **COMPLAINT AND JURY DEMAND**

-------------------------------------------------------

The Plaintiff, Albert Fields, residing at 433 North 7th Street, City of Camden, and State of New Jersey, by way of Complaint says:

**I**

**JURISDICTION**

Jurisdiction of this court is invoked pursuant to N.J.S.A. 10:-5-1 et. seq, the Americans with Disabilities Act, Title II, 28 USCS Section 12131 et seq, the Rehabilitation Act, 29 USCS Section 794, Section 504, 42 U.S.C.A. Section 1983 and the New Jersey Law Against Discrimination (NJLAD). This suit is authorized and instituted pursuant to the exercise of the police power of the State for the protection of the public safety, health, and morals and to promote the general welfare and fulfillment of the provision to the Constitution of the State of New Jersey and the United States of America guaranteeing civil rights.

## II

## PARTIES

1. Plaintiff Albert Fields resides at 433 North 7th Street, Apt. 19R, City of Camden, County of Camden, State of New Jersey. He is profoundly deaf and communicates primarily through American Sign Language.

2. Defendant, Camden County Police Department, located at 800 Federal Street, City of Camden, County of Camden, State of New Jersey.

3. Defendant, Camden County Department of Corrections, located at 330 Federal Street, City of Camden, County of Camden, State of New Jersey.

4. Defendant, CFG Health Systems, LLC., located at 765 East Route 70, Building 1-101, City of Marlton, County of Burlington, State of New Jersey.

5. All defendants acted under the color of State law during all relevant times.

### Nature of Case

On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. Section 12131 et seq., establishing the most important civil rights for persons with disabilities in our country's history. This action is brought by plaintiff against the defendants for the failure to provide reasonable accommodations for plaintiff's disability and for discrimination based on disability. The plaintiff experienced humiliation and discrimination in violation of his civil rights through Defendants' policies and practices of discrimination on the basis of disability.

This action claims that defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 34:1-69.10, et. seq., hereafter NJLAD, the ADA, Section 1983, and Section 504 of the Rehabilitation Act, as well as other state and common law causes of action. In this action, plaintiff seeks money damages, declaratory relief, attorney's fees and costs and punitive damages.

### IV.

### FACTUAL ALLEGATIONS

1. The Americans with Disabilities Act provides that State, County and Local Governments cannot exclude individuals with disabilities from participation in or denying them the benefits of services, programs or activities.

2. The New Jersey Law Against Discrimination specifically prohibits discrimination based upon disability under 10:5-4.1. Further N.J.S.A. 34:1-69.10 requires all that all hearing impaired individuals must be provided with a qualified interpreter for all civil and criminal proceedings. In addition the appointing authority must appoint such individual. Specifically the hearing impaired person, if incarcerated must not be held pending the arrival of an interpreter.

3. Section 504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance".

4. Defendants are state and local entities who must provide public accommodations within the meaning provided in each of the above laws.

5. As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to plaintiff who has a hearing loss to ensure effective communication. 28 C.F.R. Section 36.303(c).

6. Plaintiff has a medical condition that requires constant medical attention and medications. He has suffered a heart attack for which he needs to take daily medications for cardiac problems.

7. On or about April 17, 2016, plaintiff, Albert Fields was arrested following constant harassment from two boys aged twelve and thirteen due to his disability of deafness. On this particular day, the boys encountered Mr. Fields in his apartment building and began once again

making fun of his deafness. During this altercation, one of the boys ran into a door while trying to run away. Plaintiff immediately went with the security guard in the building back to his apartment where he called 911 to get medical help for the boy. After approximately one hour, five police officers showed up at Plaintiff's door to arrest him for the injuries the boy sustained. Plaintiff showed Officers his red card which showed that he was deaf and needed a certified sign language interpreter to communicate. Plaintiff attempted to get the officers to call him on the phone through an interpreter so he could explain the situation. Police Officers refused and also refused Plaintiff's numerous requests for them to get a live sign language interpreter. Plaintiff was arrested and brought to the Police Station where Officers failed to question him as there was no interpreter. All requests for a sign language interpreter at the Police Station were also ignored.

8. Plaintiff was thereafter transferred to Camden County Department of Corrections. While incarcerated Plaintiff requested a sign language interpreter. However, none was provided and Plaintiff continued to be unable to understand or communicate with correctional staff. Plaintiff remained there for several days until he was released on his own recognizance.

9. During the next four months from April until October Mr. Fields frequently went back to the Police Station to speak with the Detective about his case. His purpose was to explain what had happened on that day since he was never questioned when he was arrested and never allowed to explain his side of the story. However, every time he went to do this a sign language interpreter was never provided despite his requests and Plaintiff was never able to effectively communicate the events that took place on April 17, 2016.

10. Plaintiff was assigned a Public Defender and given several court dates, for which he appeared and then given a court date of October 31, 2016. Plaintiff also had another court date on that same date and time for a landlord/tenant dispute. Plaintiff inadvertently forgot that he had a court date also for this matter and failed to show up in court for this matter. One week later Police Officers show up at his apartment with a warrant to arrest him for failure to show up in court.

Plaintiff was put in Camden County Department of Corrections for several weeks in November 2016. During this incarceration Plaintiff was denied all forms of communication such as a live interpreter and a video phone. Instead Plaintiff was given a TTY which is obsolete technology. Plaintiff was denied basic communication to make phone calls that all other inmates were able to do. Defendants failed to provide any reasonable accommodation for plaintiff at any time during his incarceration. This failure included the lack of any interpreters or attempts on the part of Camden County Department of Corrections to obtain any qualified interpreters to communicate with plaintiff.. Further a failure to provide a videophone or any way for plaintiff to communicate with the outside world and closed captioning on the Television..  In addition, Plaintiff was given medical treatment by defendant CFG Health Systems without interpreters and the ability to effectively communicate. Due to this failure to communicate with his health care providers, plaintiff was not given his heart medication for the first few days, which he depends on after suffering a heart attack earlier that year.

11. Plaintiff went to trial for his charges on October 3, 2017. Plaintiff was found not guilty for all charges.

12.  Plaintiff was ignored, humiliated and treated like a non-person by defendants. Defendants' actions resulted in plaintiff being incarcerated without proper accommodation for his disability and also having his health risked without being given his medication.

13. Defendants' willful, knowing and intentional discrimination against plaintiff was   in violation of federal and state laws and caused plaintiff to suffer and continue to suffer mental and physical pain and anguish.

## **VIOLATION OF STATE and FEDERAL STATUTES**

1.  Plaintiff repeats and realleges all of the allegations set forth in the section entitled "Factual Allegations" as if set forth at length herein.

2. Defendants' conduct is in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10: 5-1, et. seq, N.J. S.A. 34:1- 69.10 et seq. ,the Americans with Disabilities Act, 42 U.S.C. Section 12131 et seq., 42 U.S.C. Section 1983 and the Rehabilitation Act of 1973, 29 U.S.C. Section 794, et seq.

3. Plaintiff, Albert Field's hearing loss substantially limits his major life activities, including his ability to effectively communicate. Therefore, Plaintiff is an individual with a disability under Title II of the ADA. Plaintiff meets the essential eligibility requirements for Defendants' programs, services, and activities at all times material hereto. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 29 USCS Section 794, et seq.

4. Defendants violated Title II of the ADA, the NJLAD and the Rehabilitation Act in numerous ways, including discriminatory actions which occurred when they:

(a) Failed to maintain policies and procedures to ensure compliance with Title II of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

(b) Failed to ensure that communications with Plaintiff, Albert Fields were as effective as communications with non-disabled individuals;

(c) Failed to provide auxiliary aids and services, including qualified interpreters, and to modify policies and procedures to prevent discrimination against Plaintiff, Albert Fields;

(e) Excluded Plaintiff from services of the public entity and denied Plaintiff the benefit of these services due to his disability.

5. Plaintiff suffered severe emotional distress and damages in the past, and continue to suffer emotional distress and damages due to Defendants' intentional violations of Title II of the ADA, the Rehabilitation Act and the NJLAD.

**WHEREFORE**, Plaintiff prays that the court grant judgment against the defendants,

jointly and severally for the following:

[A] Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures have subjected Plaintiff, Albert Fields to discrimination in violation of Title II of the Americans with Disabilities Act, the Rehabilitation Act and the New Jersey Law Against Discrimination.

[B] Permanently enjoin Defendants from any practice, policy and/or procedure which will deny Plaintiff Albert Fields equal access to, and benefit from Defendants' services or which deny Plaintiff, Albert Fields effective communication with Defendants. Enter a permanent injunction ordering Defendants:

1. To cease discrimination against Plaintiff and other deaf or hard of hearing inmates;

2. To promulgate and comply with policies and procedures to ensure that Defendants and their staff do not discriminate against inmates who are deaf and hard of hearing;

3. To promulgate and comply with procedures to ensure that Defendants will provide and pay for interpreter services when needed by inmates who are deaf or hard of hearing in all services offered by Defendants;

4. To promulgate and comply with procedures to ensure that Defendants will notify inmates who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Defendants will provide sign language interpreters, Videophones and other communication services to ensure effective communication with deaf or hard of hearing inmates.

[C] Award compensatory and punitive damages;

[D] Cost of suit to include disbursements and attorneys' fees;

[E] Such other and further relief as the court deems fair and equitable.

**NOTICE OF DESIGNATION OF TRIAL COUNSEL**

Clara R. Smit, Esq., is hereby designated as trial counsel in this matter.

## JURY DEMAND

Plaintiff demands trial by jury of 6 persons.

**CLARA R. SMIT, ESQ.**
**Attorney for Plaintiff**

 **/s/ Clara R. Smit**
**CLARA R. SMIT, ESQ.**

# **CERTIFICATION**

This is to certify that, to my knowledge, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated at this point.

Pursuant to Rule 4:5-1, I, Clara R. Smit, certify that I am a member of the firm of Clara R. Smit, attorney for the Plaintiff stated herein. To my information and belief, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding and no other action or arbitration proceeding is being contemplated. At this time, the Plaintiff knows of no other party who should be joined in this action.

        /s/ Clara R. Smit
Clara R. Smit, Esq.
Attorney for Plaintiff

Dated: April 16, 2018